**Solomon LEE/MILLSAP, Appellant,**

**Ricky Ashley; James McAlphin; Terry Proctor, Plaintiffs,**

**v.**

**Susan Webber WRIGHT, United States District Judge; J. Thomas Ray, United States Magistrate Judge; James M. Moody, United States District Judge; G. Thomas Eisele, United States District Judge; Stephen M. Reasoner, United States District**

Judge; George Howard, Jr., United States District Judge; William R. Wilson, United States District Judge; Jerry W. Cavaneau, United States Magistrate Judge; Henry L. Jones, Jr., United States Magistrate Judge; H. David Young, United States Magistrate Judge; George G. Fagg, Judge, 8th Circuit Court of Appeals; David R. Hansen, Judge, 8th Circuit Court of Appeals; C. Arlen Beam, Judge, 8th Circuit Court of Appeals; Larry Norris, Director, Arkansas Department of Correction; Ray Hobbs, Deputy Assistant Director, Arkansas Department of Correction; Robert Clark, Administrator, Arkansas Department of Correction; Max Mobley, Assistant Director, Arkansas Department of Correction; R.L. Toney, Warden, Arkansas Department of Correction; R.E. Manus, Assistant Warden, Arkansas Department of Correction; T. Moncrief, Assistant Warden, Arkansas Department of Correction; Carlee Griswold, Captain, Arkansas Department of Correction, Appellees.

Lee Charles Millsap, Jr., also known as Solomon Lee, Appellant,

v.

Jefferson County; Lincoln County, Arkansas; Ray Hobbs, Chief Deputy Director, Jefferson and Lincoln County Department of Correction; Larry May, Deputy Director, Jefferson and Lincoln County Department of Correction; Tiffanye Compton, Secretary, Arkansas Department of Correction; Rick L. Toney, Warden, Varner Super Max, ADC; James Banks, Assistant Warden, Varner Super Max, ADC; Randall Manus, Assistant Warden, Varner Super Max, ADC; Jim W. Via, Captain, Varner Super Max, ADC; T. Brown, Administrative Review Officer, Varner Super Max, ADC; J.

Owen, CO–II, Varner Super Max, ADC; S. Jordan, Security Officer, Varner Super Max, ADC; B. Smallwood, Mail Room Supervisor, Varner Super Max, ADC; S. Brasfield, Mail Room Supervisor, Varner Super Max, ADC, Appellees.

No. 04–2590, 04–4007.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 2005.

Decided Jan. 31, 2005.

Solomon Lee/Millsap, Brickey, AR, pro se.

Lee Charles Millsap, Jr., Brickey, AR, pro se.

Before MURPHY, BYE, and SMITH, Circuit Judges.

PER CURIAM.

We consolidate these two appeals brought by Arkansas prisoner Solomon Lee Millsap (also known as Lee Charles Millsap). In Appeal No. 04–4007, *Millsap v. Jefferson County*, we cannot review Millsap's challenges to the orders issued by a magistrate judge, as Millsap did not file with the district court his objections to these rulings on nondispositive matters. *See* Fed.R.Civ.P. 72(a).

We note this is the second time the case underlying Appeal No. 04–4007 has been before us. The first time, we remanded for further proceedings as it was unclear whether Millsap had three "strikes" under 28 U.S.C. § 1915(g), inasmuch as we could not tell whether either of two previous

actions dismissed for failure to exhaust administrative remedies qualified as a strike. *See Millsap v. Jefferson County*, 85 Fed.Appx. 539 (8th Cir.2003) (unpublished per curiam).

In *Millsap v. Wright*, the case underlying Appeal No. 04–2590, the district court also dismissed based on its conclusion that Millsap had three "strikes." Because the three-strikes issue remains unclear, we remand in Appeal No. 04–2590. We suggest that, on remand, the case be held in abeyance until the district court determines in *Millsap v. Jefferson County* whether either *Millsap v. Collins*, 5:98CV333, or *Millsap v. Norris*, 5:98CV417, was dismissed for failure to allege exhaustion (which would result in a strike), rather than for actual failure to exhaust notwithstanding an allegation of exhaustion (which would not result in a strike). If the district court determines that either of these two dismissals qualifies as a strike, bringing Millsap's total number of strikes to three, the court may proceed in accordance with section 1915(g). If the court determines that neither dismissal constitutes a strike, and thus that Millsap has not accumulated three qualifying dismissals, *Millsap v. Wright* should be reassigned to a judge who is not a defendant. *See* 28 U.S.C. § 455(b)(5)(i).

Accordingly, we dismiss Appeal No. 04–4007 for lack of an appealable order. In Appeal No. 04–2590, we remand for further proceedings consistent with this opinion. We deny all pending motions.